UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTONIO TAMAYO, WILBERTO ILAGAN | * | NO: |
| JOSEFINA TAMAYO AND | * | |
| MARIA DELLA PAZ ILAGAN | * | |
| | * | SECTION: |
| VERSUS | * | JUDGE |
| | * | |
| BLACK ELK ENERGY, LLC., BLACK ELK | * | |
| ENERGY OFFSHORE OPERATIONS, LLC., | * | MAGISTRATE: |
| WOOD GROUP, USA, INC., ENVIRO-TECH | * | JUDGE |
| SYSTEMS, LLC, AND COMPASS | * | |
| ENGINEERING AND CONSULTANTS, LLC | * | |

**************************************************************************

## **PLAINTIFFS' COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come Plaintiffs **Antonio Tamayo, Wilberto Ilagan, Josefina Tamayo** and **Maria Dela Paz Ilgana**, citizens of the Philippines who respectfully represent as follows:

I.

Made defendant herein is **Black Elk Energy, L.L.C**. a Texas corporation authorized to do and doing business within the jurisdiction of this Court which is indebted unto plaintiffs for the following reasons as set forth below.

II.

Made defendant herein is **Black Elk Energy Offshore Operations, L.L.C**. a Texas corporation authorized to do and doing business within the jurisdiction of this Court which is indebted unto plaintiffs for the following reasons as set forth below.

1

III.

Made defendant herein is **Enviro-Tech Systems, L.L.C.** a Louisiana Limited Liability Company authorized to do and doing business within the jurisdiction of this Court which is indebted unto plaintiffs for the following reasons as set forth below.

IV.

Made defendant herein is **Wood Group USA, Inc.** a Texas corporation authorized to do and doing business within the jurisdiction of this Court which is indebted unto plaintiffs for the following reasons as set forth below.

V.

Made defendant herein is **Compass Engineering and Consultants, LLC** a Louisiana Limited Liability Company authorized to do and doing business within the jurisdiction of this Court which is indebted unto plaintiffs for the following reasons as set forth below.

VI.

Jurisdiction is proper pursuant to Federal Question Jurisdiction (28 U.S.C. 1331) and the Outer Continental Shelf Lands Act (OCSLA) 43 U.S.C. 1331 et seq. Venue is proper in this district as one or more of the defendants are located within this district and a substantial part of the events giving rise to this action occurred within this district.

VII.

On or about November 16, 2012, plaintiffs herein **Antonio Tamayo** and **Wilberto Ilagan** were working on a fixed platform located within West Delta Block 32 in the Gulf of Mexico on the Outer Continental Shelf. Upon information and belief the owner and operator

of this platform was defendant **Black Elk Energy Offshore Operations** and/or **Black Elk Energy, LLC.**

VIII.

Upon further information and belief, employees of defendants **Wood Group USA, Inc., Compass Engineering and Consultants, LLC and Enviro-Tech Systems, LLC** were working on the said platform at the same time as plaintiffs, and at all pertinent times herein.

IX.

To the extent discovery may reveal that the employee(s) of **Wood Group USA, Inc**. and **Compass Engineering and Consultants, LLC** may have been taking their directions and instructions directly from defendant **Black Elk Energy Offshore** and/or **Black Elk Energy**, Plaintiffs allege that such employee(s) were therefore the borrowed employees of **Black Elk**, thereby making **Black Elk** liable under respondent superior principals for any of their negligent actions.

X.

On said date plaintiffs **Antonio Tamayo** and **Wilberto Ilagan** sustained significant and permanently disabling injuries including burns, mental injuries and physical injuries when suddenly and without warning an explosion and fire erupted on the platform owned and operated by **Black Elk**. Plaintiffs further allege that they did not cause or contribute in any way, shape or form to said explosion and fire.

XI.

Upon information and belief the sole cause of the subject explosion and fire was the

3

joint and several negligence of the defendants herein.

XII.

Plaintiffs specifically allege that the negligence of the defendants herein constituted gross negligence so as to warrant the imposition of punitive damages under Texas law. Plaintiffs will show at trial the proper application of Texas punitive damage law based on the facts of this case.

XIII.

Plaintiffs further allege strict liability as may be allowed by applicable state law including Louisiana and/or Texas law as to be determined by the Court. Such strict liability applies to **Black Elk** as the owner of the said platform upon which the explosion and fire occurred.

XIV.

Plaintiffs **Antonio Tamayo** and **Wilberto Ilagan** specifically allege that they have suffered the following nonexclusive damages as a result of the explosion and fire:

(1) Past and future physical pain and suffering including burns to 40 percent of **Mr. Tamayo's** body and burns to 17 percent of **Mr. Ilagan's** body.

(2) Past and future mental anguish and suffering including specifically post traumatic stress disorder suffered by both plaintiffs as a result of the explosion and fire;

(3) Past and future disfigurement and scarring including the aforementioned burns;

(4) Past and future loss of wages, fringe benefits, loss of wage earning capacity, and other economic damages suffered by plaintiffs;

(5) Past and future medical expenses including but not limited to a proper future life care plan in regard to both individuals; and

(6) All other damages as will be shown at trial in regard to plaintiffs **Antonio Tamayo** and **Wilberto Ilagan**.

In total, Plaintiffs **Antonio Tamayo** and **Wilberto Ilagan** specifically allege that they have each suffered damages in an amount not less than $20,000,000.00 (Twenty Million Dollars).

XV.

At all pertinent times hereto **Josefina Tamayo** was and remains the spouse of **Antonio Tamayo.** Similarly, **Maria Dela Paz Ilagan** was and remains the spouse of **Wilberto Ilagan**. Accordingly, said plaintiffs herein assert a claim for spousal damages including loss of consortium, mental and emotional suffering and all other damages incurred as a result of their husbands' injuries.

XVI.

In regard to punitive damages as plead above, all plaintiffs herein pray for punitive damages in an amount not less than $100,000,000.00 (One Hundred Million Dollars) as against any and all defendants herein found to be grossly and/or intentionally negligent or as otherwise allowed by Texas law in this matter.

XVII.

Plaintiffs herein pray for a trial by jury on all issues raised.

WHEREFORE, plaintiffs **Antonio Tamayo, Wilberto Ilagan, Josefina Tamayo** and

**Maria Dela Paz Ilagan** pray that this, their Complaint for Damages, be deemed good and sufficient and after due proceedings had there be judgment herein in their favor and against all defendants, **Black Elk Energy, L.L.C., Black Elk Energy Offshore Operations, L.L.C., Enviro-Tech Systems, L.L.C., Wood Group USA, Inc. and Compass Engineering and Consultants**, and for all Court costs and prejudgment interest.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully submitted,

*S/Timothy J. Young*
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
PHILIP R. ADAMS, JR. (25549)
The Young Firm
400 Poydras Street, Suite 2090
New Orleans, Louisiana 70130
Telephone (504) 680-4100
Facsimile (504) 680-4101